GREEN, J.
delivered the opinion of the court.
This bill is filed to redeem a lot in Murfreesborough, which the defendants, Morgan, Allison & Co., purchased at a sale made by virtue of two decrees in Chancery against the owner, Reuben Bolles. The complainants are judgment creditors of Bolles, and insist that, as such, they had a right to redeem the lot in question, under the act of 1820, ch. 11, and 1832, ch. 36, and that they offered to redeem the same within the time allowed by the law. It appears from the record, that the lot was sold by a Commissioner, appointed by the Chancery Court in April 1840, and was bid off at $450, by Alexander Allison & Co. The Commissioner made his report to the court, and at the July term, 1840, the sale was confirmed and a title was made to Morgan, Allison & Co. After the sale, and before the *372 same was reported and confirmed by the court, the complainants, by their agents, offered to pay the amount of the bid and ten per cent interest thereon, and to credit Bolles with ten per cent; but the defendant Allison, in behalf of his firm, refused to permit the redemption, unless the complainants would also pay a debt due them from Bolles, and for the security of which, a deed of trust for this lot had been executed to E. A. Keeble, Esq., in 1838, whilst the causes were pending, in which the decrees were pronounced, by virtue of which the sale in question was made. This the complainants refused to do; insisting that as the defendants were not judgment creditors, they had no right to demand the amount of their debt, in addition to the sum bid. The first question is, whether the offer by the complainants to redeem was not premature? In the case of Henderson vs. Lowry, 5 Yerg. R. 244, this court decided, that a party whose land was sold under a decree in chancery, was entitled to redeem within two years after the confirmation of the sale.
This court, in that case, decided with some hesitation, that a sale by virtue of a decree in Chancery was embraced within a proper construction of the act of 1820, that act using the words “maybe sold under execution,” and containing no language expressly including sales by virtue of decrees in Chancery. But no doubt was entertained, but that if sales of this description were embraced, the period of two years allowed, must commence and take date from the time of the confirmation of a sale by the court. Subsequently, in the case of Lowry vs. McGee, 8 Yerg. Rep., no question was made, but that the offer to redeem was in due time, although more than two years from the date of the biddings before the Master, but within two years from the date of the confirmation. But if there were no case upon the subject, we should have no hesitation in holding, that there is no sale until the offer, made to the Master, is sanctioned by the court and confirmed. The sale is under the control of the Court of Chancery until it is confirmed, and may be set aside altogether, or the biddings opened with a view to obtain a higher price, at the discretion of the Chancellor. How can that be a sale which is not obligatory upon the parties? It *373 is a bid, an offer by the purchaser, and if the court is satisfied with it, it is obligatory upon the parties' making it, and being confirmed by the court, vests in the purchaser a right to the property.
The act of 1820, allows the redemption to take place, “at any time within two years after the sale.” The act of 1832, extends the provisions of the act of 1820, expressly to cases of sales under decrees in Chancery; and provides, “that lands sold by virtue of such decrees, shall be redeemable in the same time and manner, and by the same persons, and under the same rules and regulations as provided, authorized and directed by the provisions of the act of 1820, ch. 11.
The time then allowed for redemption by the act of 1832, is that mentioned in the act of 1820, “within two years after the sale.” If, as we have seen, the two years commence from the date of the confirmation, that act of the court constituting the sale, it follows, by the words and the plain meaning of the statute, that no redemption can be allowed before such confirmation. For the period fixed is “within two years after the sale.” Of course it cannot be allowed before the sale, as would be the case, if a party may redeem before a confirmation of the sale. And indeed, if confirmation were allowed before the Chancery Court confirms its sales, we should have purchasers and creditors involved in endless confusion; so that it would be impossible to carry out the intention of the legislature.
The Supreme Court sits but once a year. A sale may take place soon after the adjournment of the court, leaving some eight or ten months before the sale can be acted upon by the court. In the meantime the estate has been redeemed several times, each person redeeming, paying up the bid and ten per cent, and perhaps a Iona fide debt of the purchaser in addition. But when the court comes to act upon the report of the Master, the sale is set aside, and held for nothing. How are all these parties to adjust their several claims upon each other? Certainly great confusion and much litigation would be the result of such a practice. It appears to us, in view of these difficulties, and we put this case upon this ground, that no redemption *374 can be allowed under sales made by virtue of decrees in Chancery, until the same shall be confirmed by the court.
It is unnecessary to discuss the other ground relied on by the defendant. As to the necessity for the purchaser to have a judgment, before he can demand the payment of any debt due him by the party whose land was sold, as a condition which another creditor must perform, before he can redeem, we refer to that part of the opinion delivered by Judge Reese, in the case of McGavock vs. Woods, 10 Yerg. Rep., as containing the exposition of the act of 1820, with which we are, now, upon a review of the case, perfectly satisfied. As to whether the deed of trust, for the benefit of the defendants, upon this property, can be looked to, behind the sale under which they claim, as it is, so as to aid their title under the sale and give to their debt a dignity it would not have possessed but for the deed, it is unnecessary to express an opinion. Let it suffice, that the offer to redeem, made by the complainants, was premature, having been made at a time, when, by law, no right of redemption existed, and, therefore, their bill must be dismissed.